**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Jeffery Bruce Teller,** Petitioner -vs- **Charles L. Ryan, et al.,** Respondents | CV-09-2211-PHX-JWS (JRI) **REPORT & RECOMMENDATION On Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** |

### I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 21, 2009 (Doc. 1). On March 25, 2010, Respondents filed their Answer (Doc. 11). Petitioner filed a Reply on April 16, 2010 (Doc. 12 ).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

### II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

On March 16, 2005, Petitioner was indicted in Maricopa County Superior Court on six counts of sexual exploitation of a minor, based upon his downloading images of child pornography. (Exhibit A, Indictment; Exhibit D Presentence Investigation.) (Exhibits to the Answer (Doc. 11) are referenced herein as "Exhibit ___.") Petitioner eventually entered into a written Plea Agreement (Exhibit B) wherein he agreed to plead guilty to two counts of

- 1 -

attempted sexual exploitation of a minor, in exchange for dismissal of other charges, and a stipulation to a presumptive sentence of 10 years on the first count, and lifetime probation on the second. The plea specified that the offenses were both "committed on or about December 1, 2004." (Exhibit B, Plea Agreement at 1.)

The plea was accepted (Exhibit C, M.E. 8/4/06), and on September 15, 2006, Petitioner was sentenced in accordance with the plea agreement. (Exhibit E, Sentence 9/15/06.)

### B. PROCEEDINGS ON DIRECT APPEAL

Petitioner did not file a direct appeal. (Petition, Doc. 1 at 2.)

### C. PROCEEDINGS ON POST-CONVICTION RELIEF

On December 15, 2006, Petitioner filed a Notice of Post Conviction Relief (Exhibit F). Appointed counsel eventually filed a Notice (Exhibit G) of inability to find an issue for review. Counsel was ordered to stay on as advisory counsel and Petitioner was granted leave to file a *pro per* PCR petition. (Exhibit H, M.E. 10/17/07.)

On December 21, 2007, Petitioner filed his *Pro Per* Petition for Post-Conviction Relief (Exhibit I), arguing that the Arizona statute on dangerous crimes against children, Ariz. Rev. Stat. § 13-604.01,[1] failed to specify a sentence for an attempted offense of sexual exploitation. He also filed a form Petition (Exhibit I), with a laundry list of claims checked off, including ineffective assistance of counsel, unlawfully induced plea, double jeopardy, other constitutional violations, newly discovery evidence, lack of jurisdiction, illegal sentence, and "failure to notify Petitioner of the right to know the accusation." In his Reply (Exhibit K), Petitioner complained that he had been sentenced: (1) for committing a "dangerous crime against children" when his offense was designated "non-dangerous," and

---

[1] Ariz. Rev. Stat. § 13-604.01 was renumbered in 2009 to Ariz. Rev. Stat. § 13-70. Ariz. Sess. Laws 2008, Ch. 301 §§ 17,29, eff. Jan. 1, 2009. For consistency, the undersigned will reference the statute as § 13-604.01.

- 2 -

1  (2) under the statute referring to "preparatory" offenses when he pled to an "attempt."
2  Petitioner argues that these distinctions denied him fair notice of the proscribed conduct. The
3  PCR Court summarily dismissed the Petition, finding that Petitioner's sentences were
4  justified by his guilty pleas, and legal under the applicable statutes. (Exhibit L, J.E. 4/15/08.)

5  Petitioner eventually filed a Petition for Review (Exhibit P), arguing that his
6  Fourteenth Amendment Due Process rights were violated because the statute referred only
7  to preparatory offenses and he pled to an attempt. The Arizona Court of Appeals summarily
8  denied review. (Exhibit R, Order 8/14/09.)

9  Petitioner sought (Exhibit S, Motion) and obtained an extension until October 19,
10 2009 to file a petition for review with the Arizona Supreme Court. (Exhibit T, Order
11 9/10/09.) None was filed. (Petition, Doc. 1 at 5; Answer, Doc. 11 at 4; Exhibit U, Docket.)

### E.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 21, 2009 (Doc. 1). Petitioner's Petition asserts a single ground for relief, "that his due process rights were violated because he [was] sentenced under an unconstitutionally vague statute." (Order 11/10/09, Doc. 5 at 1.) Petitioner argues that while Ariz. Rev. Stat. § 13-604.01 provided sentences for preparatory offenses and completed offenses, it did not provide a sentence for attempted offenses for sexual exploitation of a minor.

**Response** - On March 25, 2010 Respondents filed their Response ("Answer") (Doc. 11). Respondents argue that Petitioner's claim is without merit because under Arizona law an "attempt" is encompassed within the term "preparatory offense."

**Reply** - On April 16, 2010 Petitioner filed a Reply (Doc. 12). Petitioner argues that the judicial glosses on the phrase "preparatory" do not constitute fair notice of what is included in that term.

//
//

- 3 -

### III. APPLICATION OF LAW TO FACTS

**Fair Notice Requirement** - In *Rose v. Locke*, the Supreme Court gave a succinct summary of the fair notice requirement of the Due Process Clause.

> It is settled that the fair-warning requirement embodied in the Due Process Clause prohibits the States from holding an individual "criminally responsible for conduct which he could not reasonably understand to be proscribed....All the Due Process Clause requires is that the law give sufficient warning that men may conduct themselves so as to avoid that which is forbidden.

423 U.S. 48, 49-50 (1975) (finding prohibition of "crimes against nature" was not too vague).

**Application to Sentencing** - Here, Petitioner does not contend that he did not have fair notice that his conduct was prohibited. Rather, he simply complains that he did not have fair notice of the penalty to be exacted upon violation.

The undersigned cannot find, and Petitioner does not cite, any Supreme Court cases applying the vagueness doctrine under the Due Process Clause to sentencing statutes. Ordinarily, that would mean that this Court would simply have to divine whether that doctrine had been extended by the Ninth Circuit, or otherwise whether it should be. This case, however, is subject to the limitations of the Anti-terrorism and Effective Death Penalty Act (AEDPA), including the limitations on habeas relief in 28 U.S.C. § 2254(d). Rather, under that statute, this Court may grant habeas relief to Petitioner only if it can conclude that the state court's denial of relief "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "For purposes of 28 U.S.C. § 2254(d)(1), clearly established law as determined by [the Supreme] Court 'refers to the holdings, as opposed to the *dicta*, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.' " *Yarborough v. Alvarado,* 541 U.S. 652, 660-661 (2004) (citations omitted).

<u>Death Penalty Cases</u> - Constitutional concerns with vagueness have been applied by the Supreme Court to criminal sentencing statutes, at least insofar as they concern standards for imposing the death penalty. *See eg. Broadway v. Cate*, 588 F.3d 990 (9th Cir. 2009); *Lewis v. Jeffers*, 497 U.S. 764 (1990). However, in that context, the concern is not simply

with fair notice, but is "rooted in the principle that ' '[t]he Eighth and Fourteenth Amendments cannot tolerate the infliction of a sentence of death under legal systems that permit this unique penalty to be ... wantonly and ... freakishly imposed.' ' " *Lewis*, 497 U.S. at 774.

In *Maynard v. Cartwright,* the Court considered the distinction between Eighth Amendment vagueness claims and Due Process vagueness claims, and observed:

> The difficulty with the State's argument is that it presents a Due Process Clause approach to vagueness and fails to recognize the rationale of our cases construing and applying the Eighth Amendment. Objections to vagueness under the Due Process Clause rest on the lack of notice, and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk. Vagueness challenges to statutes not threatening First Amendment interests are examined in light of the facts of the case at hand; the statute is judged on an as-applied basis. Claims of vagueness directed at aggravating circumstances defined in capital punishment statutes are analyzed under the Eighth Amendment and characteristically assert that the challenged provision fails adequately to inform juries what they must find to impose the death penalty and as a result leaves them and appellate courts with the kind of open-ended discretion which was held invalid in *Furman v. Georgia*, [408 U.S. 238 (1972)].

486 U.S. 356, 361-362 (1988). Because Petitioner's claim is presented under the Due Process Clause, and not the Eighth Amendment, these death penalty cases do not apply.

Supreme Court *Dicta* - The Supreme Court has not been wholly silent on due process limitations on sentencing provisions. In *U.S. v. Batchelder*, the Court observed that: "So too, vague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute." *U. S. v. Batchelder*, 442 U.S. 114, 123 (1979). However, the cases cited by *Batchelder* in support of this observation were either statutory construction (and not due process) cases, *see United States v. Evans*, 333 U.S. 483 (1948); and *United States v. Brown*, 333 .S. 18 (1948), or dealt with a standards-less authorization to impose costs on an acquitted defendant, *Giaccio v. State of Pa.*, 382 U.S. 399 (1966).

Moreover, because the Court concluded that the subject statutes "unambiguously specify the activity proscribed and the penalties available upon conviction," it was not required to determine whether a constitutional question was posed. 442 U.S. at 123. *But see*

*U.S. v. Male Juvenile*, 280 F.3d 1008, 1025 (9th Cir. 2002) (citing *Batchelder* for the proposition that "[s]entencing provisions may violate due process if they do not afford fair notice of the penalty that applies to the forbidden conduct," but finding the sentencing statute under consideration clear); *U.S. v. Gallagher*, 99 F.2d 329, 334 (9th Cir. 1996) (same).

Thus, the undersigned must conclude that *Batchelder's* language extending the fair notice requirement of due process to sentencing statutes was *dicta*.

<u>Ninth Circuit Recognition of Lack of Supreme Court Authority</u> - In *U.S. v. Johnson*, the Ninth Circuit quoted *Batchelder* but observed that "[u]nconstitutional vagueness challenges to the Sentencing Guidelines have been questioned as theoretically unsound." 130 F.3d 1352, 1354 (9th Cir. 1997) (citing *U.S. v. Wivell*, 893 F.2d 156, 159-60 (8th Cir. 1990) (vagueness doctrine does not mandate sentencing guidelines). The court also observed that the Ninth Circuit has "countenanced such challenges in deference to the Supreme Court's declaration" in *Batchelder*, but ultimately concluded that the provision under consideration was not vague. 130 F.3d at 1354.

As recently as 2006, the Ninth Circuit was required to simply assume "that a vagueness argument focused exclusively on sentencing, rather than on criminal conduct giving rise to the sentence, is cognizable." *U.S. v. Hungerford,* 465 F.3d 1112 (9th Cir. 2006). In 2008, the Ninth Circuit observed "[n]either this court nor the Supreme Court has identified the level of specificity required for a parole release statute to avoid impermissible vagueness." *Hess v. Board of Parole and Post-Prison Supervision,* 514 F.3d 909, 914 (9th Cir. 2008). The *Hess* court went on to assume *arguendo* that "parole release statutes must meet vagueness standards similar to those applicable to death penalty statutes," and found that the statute in question met the standard. *Id.* Similarly, in *Bradway v. Cate*, 588 F.3d 990 (9th Cir. 2009), the Court noted the inapplicability of the Eighth Amendment vagueness jurisprudence to a life sentence, and concluded that no Supreme Court cases had addressed due process vagueness claims based upon a failure to narrow offenses subject to more severe penalties less than the death penalty. *Id.* at 992-993.

Based upon the foregoing, the undersigned must conclude that no "holdings, as

- 6 -

opposed to the *dicta*" of Supreme Court decisions extend the vagueness doctrine to sentencing statutes, and consequently even if this Court could find a due process violation, Petitioner would not be entitled to relief under 28 U.S.C. § 2254(d)(1).

**Statute Not Vague** - Even without the limitations of 2254(d)(1), this Court could not grant Petitioner relief, because the statute was not vague.

Petitioner complains that the sentence applied to him could only apply if his offense qualified as a "preparatory offense", the Arizona statute does not define a "preparatory offense," and his plea was simply to an "attempted" offense. Petitioner claims a "non-legal person of reasonable intelligence" could not discern the connection between an "attempt" and a "preparatory offense" within this statute. (Reply, Doc. 12 at 2.) However, the vagueness of a statute is not judged in a vacuum of a person with only the bare language of a statute to consult. Rather, it is judged with the judicial gloss that existed at the time of Petitioner's crimes.[2]

> But this prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. Many statutes will have some inherent vagueness, for "(i)n most English words and phrases there lurk uncertainties." Even trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what some statutes may compel or forbid.

*Rose*, 423 U.S. at 49-50.

The relevant provision, Ariz. Rev. Stat. § 13-604.01(L)(1) provided:

> A dangerous crime against children is in the first degree if it is a completed offense and is in the second degree if it is a preparatory offense, except attempted first degree murder is a dangerous crime against children in the first degree.

No explicit definition is given in § 13-604.01 for the term "preparatory offense." However, at least as early as 2000, the Arizona Courts had recognized "attempt" as a

---

[2] In contrast, *ex post facto* clarifications of the statue will not avoid vagueness concerns. "There can be no doubt that a deprivation of the right of fair warning can result not only from vague statutory language but also from an unforeseeable and *retroactive* judicial expansion of narrow and precise statutory language." *Bouie v. City of Columbia* 378 U.S. 347, 352 (1964).

- 7 -

preparatory offense for purposes of § 13-604.01(L)(1).

> The legislature specifically classified preparatory offenses such as attempt, other than attempted first degree murder, as dangerous crimes against children in the second degree provided the completed offense would have been a dangerous crime against children in the first degree.

*State v. Carlisle,* 198 Ariz. 203, 207, 8 P.3d 391, 395-396 (Ariz. App. Div. 1 2000).

Moreover, Chapter 10 of the Arizona Criminal Code (Ariz. Rev. Stat. § 13-1001 *et seq.*) was entitled "Preparatory offenses", and Ariz. Rev. Stat. § 13-1001 (2004) in particular defined the crime of "attempt."

Further, Petitioner was sentenced for committing "attempted sexual exploitation of a minor and a dangerous crime against children in the second degree", a "Class 3 Felony" (Exhibit E, Sentence at 2.) Sexual exploitation is covered under subsection D of that statute, and subsection (I) governs "a dangerous crime against children in the second degree pursuant to subsection C or D." Subsection (I) begins with the reference "Notwithstanding chapter 10 of this title", referencing Ariz. Rev. Stat. § 13-1001 *et seq.*, which as noted above references attempt as a preparatory offense.[3]

Also, Petitioner's plea agreement specifically referenced that he was pleading guilty to "a Dangerous Crime Against Children in the 2nd Degree in violation of A.R.S. ...13-1001...13-604.01."[4] (Exhibit B, Plea Agreement at 1.) The reference to "in the 2nd Degree" plainly hinged upon the application of § 13-604.01(L)(1) to "preparatory" offenses.

Petitioner proffers nothing peculiar about his offense that would, in light of these statutory provisions and the pre-existing judicial gloss on them, leave any ambiguity about

---

[3] The PCR court identified the sentence as being under Ariz. Rev. Stat. § 13-604.01(J), not subsection (I). (Exhibit M, M.E. 4/15/08 at 1.) Subsection (J) of the pre-2007 statute referenced prior convictions. Subsection (I) had been renumbered to subsection (J) by Ariz. Sess. Laws 2007, Ch 248, eff. June 13, 2007. Thus, it appears that the PCR court simply erred by referencing the subsection as it had been re-labeled by the time of that court's decision in 2007.

[4] Respondents do not argue and the undersigned does not address whether this explicit plea to the very thing Petitioner now challenges resulted in a waiver of Petitioner's present claim.

- 8 -

whether his attempted sexual exploitation qualified as a preparatory, second degree offense under Ariz. Rev. Stat. § 13-604.01(I).

Accordingly, Petitioner's claim is without merit.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on the merits. Under the reasoning set forth

1 herein, the constitutional claims are plainly without merit.

2 Accordingly, to the extent that the Court adopts this Report & Recommendation as
3 to the Petition, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed October 21, 2009 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

## V.  EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to *Local Civil Rule 7.2(e)(3)*, unless otherwise permitted by the Court, an objection to a Report and Recommendation shall not exceed ten (10) pages. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: March 23, 2011                    _____
                                                      JAY R. IRWIN
                                                      United States Magistrate Judge

S:\Drafts\OutBox\09-2211-001r RR 11 02 04 re HC.wpd