UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JEFFERY BRUCE TELLER,  )<br>)<br>Petitioner,  )<br>)<br>vs.  )<br>)<br>CHARLES L. RYAN, *et al.*,  )<br>)<br>Respondents.  )<br>) | 2:09-cv-02211 JWS<br><br>ORDER AND OPINION<br><br>[Re: Report and Recommendation<br> at Docket 13] |

## **I.  MATTER PRESENTED**

At docket 1, petitioner Jeffery Bruce Teller filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  At docket 12, respondents Charles L. Ryan, *et al.*, filed their response opposing the petition.  Petitioner Teller replied at docket 12. Magistrate Judge Jay R. Irwin filed his report and recommendation at docket 13.  No objections to the report and recommendation were filed.

## **II.  STANDARD OF REVIEW**

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1]  When reviewing a magistrate

---

[1] 28 U.S.C. § 636(b)(1).

judge's report and recommendation in a habeas case, the district court reviews *de novo* conclusions of law[2] and findings of fact to which parties object.[3]  The court reviews for clear error uncontested findings of fact.[4]

## III.  BACKGROUND

The court has reviewed the report and recommendation and found that it accurately summarizes the relevant background and procedural facts of this case. Moreover, petitioner Teller does not object to any of the magistrate judge's findings of fact.[5]  Accordingly, the court adopts the factual and procedural background as its own.

## IV.  DISCUSSION AND CONCLUSION

Having carefully reviewed the magistrate judge's report and recommendation under the standard of review articulated above, the court agrees with the magistrate judge's conclusion of law in all material respects.  Accordingly, the court **ACCEPTS** the report and recommendation at docket 13, and **DENIES** petitioner Teller's Petition for Writ of Habeas Corpus at docket 1.  It is **FURTHER ORDERED** that because petitioner Teller failed to make "a substantial showing of the denial of a constitutional right" and "reasonable jurists could [not] not debate whether the petition should have been resolved in a different manner," the court declines to issue a certificate of appealability

---

[2] *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 906 (3d Cir. 1992).

[5] *Jones v. Wood*, 207 F.3d 557, 562 n.2 (9th Cir. 2000) ("Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact.")

("COA").[6]  If petitioner Teller wishes to appeal, he may request the necessary certificate from the Court of Appeals.  See Fed. R. App. P. 22(b) and Ninth Circuit Rule 22-1.

DATED this 15th day of April 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[6] *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).